■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES A. KRIEGER, Appellant.— Judgment unanimously modified on the law to the extent of vacating the sentence and matter remitted to Ontario County Court for further proceedings in accordance with the following memorandum: Appellant was originally sentenced as a second felony offender on November 27, 1961 following his plea of guilty. Upon allegation that he was not advised of his right to appeal, he was resentenced by the Ontario County Court pursuant to *People* v. *Montgomery* (24 N Y 2d 130) on March 1, 1971. He urges on this appeal that at his resentencing he was not advised of his right to challenge the predicate felony conviction on constitutional grounds. In 1964 the Legislature amended section 1943 of the former Penal Law so as to require the court to inform a defendant at sentencing of his right to raise constitutional objections to the underlying predicate felony conviction. This amendment has been held to be retroactive (*People* v. *Jones*, 17 N Y 2d 404, 409) and, therefore, since this defendant was, of course, not advised at the time of his original sentence in 1961 of his right to raise any constitutional objection, it follows that he should have been given the opportunity to raise such objection at the time of resentencing in March, 1971 (*People* v. *Stevens*, 36 A D 2d 924). A resentencing pursuant to *Montgomery* is the proper time and place to hear the defendant's challenge to the constitutionality of the predicate felony, since to require him instead to commence a new proceeding by way of *coram nobis* "would be egregiously wasteful of judicial time" (*People* v. *Wilkins*, 28 N Y 2d 213, 220). Because this defendant was originally sentenced prior to 1964, his resentencing obviously involves more than "a procedural device whereby the time to appeal is reinstated" and it is, therefore, fundamental that he should be present and be represented by counsel (cf. *People* v. *Ali*, 35 A D 2d 435, 439). Another argument not raised in the petition but urged on this appeal is the question as to whether the court upon resentence must give the allocution provided for in section 480 of the Code of Criminal Procedure. This should be answered in the negative (*People ex rel. Briggs* v. *Mancusi*, 33 A D 2d 268). In any event, the original sentencing minutes show that the allocution had been given. (Appeal from judgment of Ontario County Court resentencing defendant on conviction of carrying and use of dangerous weapon and petit larceny.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Cardamone and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SLAVI TRIFINOFF, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica Correctional Facility, Respondent.— Judgment unanimously affirmed. Memorandum: Relator correctly computes the time which elapsed from the date of his arrest to the date of his sentence as 477 days. From October 2, 1968 to October 11, 1968 he served 9 days in Erie County Penitentiary upon his sentence for a crime committed in Erie County Jail while awaiting trial. He is not entitled to jail time credit on this sentence for those 9 days (*People ex rel. Petite* v. *Follette*, 24 N Y 2d 60). Deducting them from the 477 days leaves 468 days jail time credit to which relator is entitled on his sentence of October 2, 1969. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.